**Hui Lian YANG, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General of the United States, Respondent.**

**Docket No. 03–40424–AG.**

United States Court of Appeals,
Second Circuit.

Oct. 17, 2005.

Alan Lee, New York, NY, for Petitioner.

Edward J. McElroy, Immigration & Naturalization Service, Office of District Director New York, NY; Sean Cenawood, United States Attorney's Office, New York, NY, for Respondent.

PRESENT: JACOBS, KATZMANN, and RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Hui Lian Yang petitions for review of a July 2003 BIA order denying Yang's motion to reopen the BIA order affirming an Immigration Judge's ("IJ") decision denying Yangi's application for asylum and withholding of removal. We assume the parties' familiarity with the facts and procedural history of the case. On this appeal, Yang argues that (1) the Agency is not entitled to *Chevron* defer-

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

ence; (2) the BIA erred as a matter of law in attaching too much weight to the Department of State Country Profile in its first decision, and then in failing to grant the motion to reopen upon convincing evidence that the Profile was wrong; (3) the BIA's reliance on two issues which were not within the scope of the IJ's ruling to deny the motion to reopen was unlawful and prejudicial; (4) the BIA violated affirmance standards by not just affirming the IJ's decision but formulating its own reasons which were outside the scope of the IJ's decision; and (5) the IJ made numerous errors in her credibility determination.

■ Initially, "an appeal from a final order of exclusion or deportation and an appeal from a denial of a motion to reopen or reconsider that final order involved 'two separate petitions filed to review two separate final orders." ' *Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 89 (2d Cir.2001) (quoting *Stone v. INS,* 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995)). Filing a motion to reopen or reconsider does not toll the statutory period for appealing the underlying order. *See Stone,* 514 U.S. at 405–6, 115 S.Ct. 1537; *Zhao,* 265 F.3d at 89. Since Yang did not independently appeal from the BIA's December 2002 decision affirming the IJ's removal order within the 30 days specified in 8 U.S.C. § 1252(b)(1), this Court lacks jurisdiction to review the merits of the underlying proceedings and its review is limited to the BIA's denial of the motion to reopen. *See Stone,* 514 U.S. at 394–95, 115 S.Ct. 1537; *Zhao,* 265 F.3d at 89.

■ Next, the BIA determined that Yang had failed to present new, previously unavailable evidence to explain the discrepancies in her testimony. Since the adverse credibility determination alone would be a sufficient basis for the IJ to deny Yang the relief sought, the BIA's reliance on Yang's failure to produce any new evidence resolving her incredible testimony was proper. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 79 (2d Cir.2004) (noting that an adverse credibility finding supported by substantial evidence is alone sufficient to establish that an asylum applicant has not met his burden of proof on a persecution claim).

Yang did present an affidavit from Dr. Aird to support her contention that the IJ erred in relying on the Country Profile in concluding that Yang sought her abortions voluntarily. Although it can be argued that Aird's affidavit may offer new evidence which bolsters her contention that her abortions were not voluntary, the evidence is insufficient to warrant reopening. The crux of the motion to reopen is that the Country Profile is misleading. However, nowhere in Yang's motion does she attempt to resolve the numerous contradictory statements made in her testimony that the IJ also relied on in denying her asylum application. Therefore, for the aforementioned reasons, the BIA did not abuse its discretion in denying Yang's motion to reopen.

We have considered all of the petitioner's claims and find them to be without merit. The petition for review is therefore DENIED.